**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| US CLOUD, LC, | ) | |
| *Plaintiff*, | ) | |
| v. | ) | No. 4:25-cv-01480-JMD |
| CVS PHARMACY, INC, | ) | |
| *Defendant*. | ) | |

**<u>ORDER GRANTING MOTION TO DISMISS</u>**

This is a case for breach of contract—nothing more. For over a year, US Cloud contracted with CVS to provide tech support for CVS's Microsoft products. CVS terminated the contract. US Cloud sued for breach of contract. CVS counterclaimed for breach of contract but also, in the alternative, breach of an implied covenant of good faith and fair dealing, unjust enrichment, a declaratory judgment, and an accounting. US Cloud moved to dismiss all the counterclaims except the counterclaim for breach of contract. Because all of CVS's other claims are duplicative of its claim for breach of contract or otherwise fail as a matter of law, the Court grants US Cloud's motion to dismiss.

**Background**

US Cloud and CVS entered into a three-year contract. US Cloud agreed to provide tech support for CVS's Microsoft products. CVS paid US Cloud over $6 million for its services during the first year of the contract. In June 2025, US Cloud sent an invoice for over $5.9 million allegedly to cover services to be rendered for the second year of the contract. CVS refused to pay the invoice and sent a notice of termination of the contract to US Cloud.

US Cloud sued for the invoice amount. CVS counterclaimed, arguing that US Cloud failed to render adequate services. CVS claimed not only breach of contract by US Cloud but

also many other counterclaims in the alternative. US Cloud moves to dismiss all of CVS's counterclaims except CVS's breach of contract claim.

**Legal Standard**

At the motion to dismiss stage, the Court accepts all factual allegations in CVS's counterclaim as true and draws all reasonable inferences in CVS's favor. *Healy v. Fox*, 46 F.4th 739, 743 (8th Cir. 2022). Although the Court "must draw all reasonable inferences from the facts alleged in a party's counterclaim, if a dispositive issue of law shows no claim exists on the face of the pleadings, the court may dismiss a counterclaim." *Summers Mfg. Co., Inc. v. Tri-Cnty. AG, LLC*, 300 F. Supp. 3d 1025, 1032 (S.D. Iowa 2017). The Court need not accept CVS's legal conclusions, only its factual allegations. *Brown v. Medtronic, Inc.*, 628 F.3d 451, 459 (8th Cir. 2010).

**Analysis**

**I. Governing Law**

A federal court sitting in diversity applies the substantive law of the state in which the district court sits. *Urb. Hotel Dev. Co. v. President Dev. Grp., L.C.*, 535 F.3d 874, 877 (8th Cir. 2008). The parties brought their claims in Missouri. But when briefing the motion to dismiss, the parties applied Delaware law without explaining why. Yes, the contract states that Delaware law governs the contract, ECF 8-1 at 16, but all the counterclaims at issue are noncontractual claims. Regardless, the Court need not conduct a choice-of-law analysis because it has not discerned any meaningful conflict of laws between Missouri and Delaware. *Phillips v. Marist Soc'y of Wash. Province*, 80 F.3d 274, 276 (8th Cir. 1996) ("[B]efore entangling itself in messy issues of conflict of laws a court ought to satisfy itself that there actually is a difference between the relevant laws of the different states." (citation omitted)).

## II. Implied Covenant of Good Faith and Fair Dealing

CVS's counterclaim for implied covenant of good faith and fair dealing is legally defective. All parties agree that CVS's claim is legally viable only if the contract does not govern the relevant issue. ECF 33 at 2–3; ECF 35 at 6. "The implied covenant of good faith and fair dealing involves a 'cautious enterprise,' inferring contractual terms to handle developments or contractual gaps that the asserting party pleads neither party anticipated." *Nemec v. Shrader*, 991 A.2d 1120, 1125 (Del. 2010). CVS argues that the implied covenant has a gap to fill because "there is no specific provision in the Agreement addressing failure to accept proper termination of the Agreement." ECF 35 at 5. But there is. ECF 8-1 at 5. The contract gives CVS "the right to terminate this Agreement" if US Cloud "materially breache[s]," and CVS "shall have recourse to any other right or remedy under the Agreement or under law and/or equity." *Id.* CVS alleges that US Cloud materially "breached Sections 5(C) and 6(A) of the Professional Services Agreement by improperly demanding payment for services that it did not and would not perform during Contract Year 2." ECF 29 ¶ 33. So because CVS has alleged US Cloud's failure to accept proper termination of the contract is a material breach of the contract, *id.*, the "[e]xisting contract terms control," *Dunlap v. State Farm Fire & Cas. Co.*, 878 A.2d 434, 441 (Del. 2005) (cleaned up). An "implied" covenant "cannot be used to circumvent the parties' bargain, or to create a free-floating duty unattached to the underlying legal document." *Id.* CVS's counterclaim is dismissed.

## III. Unjust Enrichment

CVS fails to state a counterclaim for unjust enrichment. Unjust enrichment is an equitable theory that is available only in the absence of a contract. "A claim for unjust enrichment is not available if there is a contract that governs the relationship between parties that gives rise to the unjust enrichment claim." *Kuroda v. SPJS Holdings, L.L.C.*, 971 A.2d 872, 891 (Del. Ch. 2009).

CVS is correct that it could plead unjust enrichment in the alternative. *BAE Sys. Info. & Elec. Sys. Integration, Inc. v. Lockheed Martin Corp.*, No. CIV. A. 3099-VCN, 2009 WL 264088, at *8 (Del. Ch. Feb. 3, 2009) ("In some instances, both a breach of contract and an unjust enrichment claim *may* survive a motion to dismiss when pled as alternative theories for recovery."). But CVS can only do so plausibly by including allegations repudiating the validity of the contract between the parties. *Kuroda*, 971 A.2d at 891 ("[W]hen the complaint alleges an express, enforceable contract that controls the parties' relationship a claim for unjust enrichment will be dismissed." (cleaned up)). CVS has not done this. It never disputes a valid contract between the parties. "[R]ather, the equitable counts adopt all previous allegations, including the existence of a valid contract." *L&F Brands, Inc. v. Crown Valley Winery, Inc.*, No. 1:19-cv-134-SNLJ, 2020 WL 3447738, at *3 (E.D. Mo. June 24, 2020). As a result, CVS's counterclaim for unjust enrichment is dismissed.

**IV. Declaratory Judgment**

CVS's declaratory judgment claim fails as a matter of law. In its response to US Cloud's motion to dismiss, CVS barely acknowledges let alone persuasively refutes US Cloud's argument that CVS's declaratory judgment claim is duplicative of CVS's other claims. CVS's failure to respond adequately to this argument constitutes a concession to dismissal. *Muller v. Blue Diamond Growers*, 683 F. Supp. 3d 933, 937 (E.D. Mo. 2023). Regardless, under Delaware law, "a declaratory count must be distinct from the affirmative counts in the complaint such that a decision on the affirmative counts would not resolve the declaratory count." *Loeffler v. MNTN, Inc.*, No. N24C-09-151 CLS, 2025 WL 1256148, at *5 (Del. Super. Ct. Apr. 28, 2025) (cleaned up). Because CVS's claim for declaratory judgment "adds nothing new," it is duplicative and must be dismissed. *Id.*

### V. Equitable Accounting

CVS seeks an equitable "accounting" to "identify the amount due to CVS in the form of a refund for services not performed." ECF 29 ¶ 66. This appears to be "[a]n appeal to the equity jurisdiction conferred on federal district courts." *Meredith v. City of Winter Haven*, 320 U.S. 228, 235 (1943). The Court has discretion to "determine" whether any given suit is "an appropriate one for the exercise of the extraordinary powers of a court of equity." *Atlas Life Ins. Co. v. W. I. S., Inc.*, 306 U.S. 563, 568 (1939).

The Court declines to exercise any equitable jurisdiction over CVS's accounting claim because "the exercise of equitable jurisdiction" is "proper only" when there is a "lack of an adequate remedy at law." *In re Search of 4801 Fyler Ave.*, 879 F.2d 385, 387 (8th Cir. 1989). CVS likely has two adequate remedies at law. First, under the contract, CVS has a "right to audit" US Cloud's "business and operations as they pertain" to the contract between the parties, "including but not limited to [US Cloud's] billing practices and procedures and adherence to applicable service level agreements." ECF 8-1 at 15; *see also Ellington Credit Fund, Ltd. v. Select Portfolio Servicing, Inc.*, 837 F. Supp. 2d 162, 207 (S.D.N.Y. 2011) ("[A]n equitable accounting claim cannot coexist with a breach of contract claim covering the same subject matter."). Second, CVS complains that US Cloud is the only party with "knowledge of the value of the services it actually provided," ECF 35 at 7, but CVS can obtain that information through discovery. *See, e.g., Telesco v. Neuman*, No. 7:14-cv-03480-VB, 2015 WL 2330166, at *7 (S.D.N.Y. Mar. 11, 2015) ("[A]n accounting claim is unavailable because discovery as to the measure of damages associated with the breach of contract claim provides plaintiff the remedy he seeks."). The Court declines to engage in the extraordinary exercise of equitable jurisdiction.

**Conclusion**

For the forgoing reasons, the Court **GRANTS** US Cloud's motion to dismiss, ECF 32, and **DISMISSES** counts II, IV, and V of CVS's counterclaim, ECF 29, with prejudice and count III without prejudice.

Dated this 15th day of September, 2026

JOSHUA M. DIVINE
UNITED STATES DISTRICT JUDGE
FOR THE EASTERN AND WESTERN
DISTRICTS OF MISSOURI